Andrew J. Weissler (Bar No. 343145)
aj.weissler@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO  63105
*Telephone:*  314.480.1926
*Facsimile:*  314.490.1505

Zain Zubair (Bar No. 323273)
zain.zubair@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Ave, Suite 2850
Los Angeles, CA  90071
*Telephone*:  213.337.6550
*Facsimile*:  213.337.6551

Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES, CA  90071
(213) 337.6550

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARON TAYLOR, an individual<br><br>Plaintiff,<br><br>v.<br><br>HERTZ LOCAL EDITION CORP., a corporation; and DOES 1 through 25,<br><br>Defendants. | Case No.<br><br>*Removed from Riverside County Superior Court Case No. CVRI2305817*<br><br>**NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.**<br><br>Action Filed:     October 31, 2023<br>Removal Date:   December 6, 2023 |

1

NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.

HB: 4880-4091-4324.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Hertz Local Edition Corp. ("Defendant" or "Hertz"), by and through its undersigned counsel of record, hereby removes the above-captioned civil action filed by Plaintiff Laron Taylor ("Plaintiff"), and all claims and causes of action therein (the "Action"), from the Superior Court of the State of California, County of Riverside, to the U.S. District Court for the Central District of California, pursuant to pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Hertz states as follows.

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this Action under diversity jurisdiction. The diversity statute grants this Court original jurisdiction over this Action because the amount in controversy in this Action exceeds $75,000, exclusive of interests and costs, and this Action is between citizens of different states. 28 U.S.C. § 1332.

2.   Venue for this Action lies in the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1441 because this is the judicial district where the Action was filed and the case is pending.

## II.   PROCEDURAL HISTORY

3.   On April 7, 2023, Plaintiff filed a complaint in the Superior Court of California, County of Riverside, entitled *Laron Taylor v. Hertz Local Edition Corp.*, Riverside County Superior Court Case No. CVRI2305817 (the "Complaint"). (*See* Complaint, attached as **Exhibit ("Ex.") A**.) Plaintiff alleges the following causes of action against Hertz: (1) Disability Discrimination; (2) Failure to Engage in the

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES. CA 90071
(213) 337-6550

NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.
HB: 4880-4091-4324.1

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES. CA 90071
(213) 337-6550

Interactive Process; (3) Failure to Provide Reasonable Accommodation; and (4) Wrongful Discharge in Violation of Public Policy.

4.    On the same day he filed the state court Complaint, Plaintiff filed a Civil Case Cover Sheet with the Clerk of the Riverside County Superior Court.  (*See* attached **Ex. B**.)

5.    On the same day, Plaintiff filed a Certificate of Counsel.  (*See* attached **Ex. C**.)

6.    On the same day, Plaintiff filed an Amended Certificate of Counsel.  (*See* attached **Ex. D**.)

7.    On the same day, the Clerk of the State Court issued a Notice of Case Management Conference.  (*See* attached **Ex. E**.)

8.    On the same day, the Clerk of the State Court issued a Notice of Department Assignment.  (*See* attached **Ex. F**.)

9.    On November 2, 2023, a Summons was issued and filed.  (*See* attached **Ex. G**.)

10.    On November 6, 2023, Plaintiff served the Summons and Complaint on Hertz.  (*See* attached **Ex. H**.)

11.    On December 6, 2023, Hertz filed an Answer to Plaintiff's unverified complaint in State Court.  (*See* attached **Ex. I**.)

12.    To Hertz's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of Riverside, or served by any party other than as described above.

### III.    BASIS FOR REMOVAL - DIVERSITY

13.    Under 28 U.S.C. § 1332(a), a district court has original jurisdiction when the controversy is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.    This Action is removable pursuant to 28 U.S.C. §§ 1332 and 1441

NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.
HB: 4880-4091-4324.1

because the citizenship of the real parties in interest is completely diverse, and the amount in controversy based on Plaintiff's claims and associated damages allegations exceeds the jurisdictional requirement of $75,000.00.

## A.    The Parties Are Citizens of Different States

15.    Citizenship of the parties is determined by their citizenship status at the commencement of the action and when the case is removed.  28 U.S.C. § 1332(d)(7); *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

### i.    Plaintiff Is a Citizen of California

16.    For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."  *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

17.    In his Complaint, Plaintiff alleges that he is a resident of the State of California, in the County of Riverside.  (*See* **Ex. A**, ¶ 1.)  Plaintiff's employment records also reflect that Plaintiff lived, worked, and was physically present in the State of California, County of Riverside throughout Plaintiff's employment.  Thus, Plaintiff is, and at all times relevant was, a citizen of California for purposes of determining diversity jurisdiction.

### ii.    Hertz Local Edition Corp. Is a Citizen of Delaware and Florida

18.    A corporation is a citizen of any state where it is incorporated and where its principal place of business is located.  28 U.S.C. § 1332(c).

19.    Hertz is a corporation organized under the laws of Delaware and has its principal place of business in Florida.

### iii.    Doe Defendants Do Not Impact Diversity Jurisdiction

20.    In determining whether a civil action is removable under 28 U.S.C. § 1332(a), the citizenship of defendants sued under fictitious names shall be

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

4

HB: 4880-4091-4324.1

disregarded. 28 U.S.C. § 1441(b). Thus, the presence of Doe Defendants does not impact diversity for removal purposes.

**B.    Amount in Controversy**

21.    Pursuant to 28 U.S.C. § 1332, the amount in controversy based on Plaintiff's claims and damages allegations must exceed the jurisdictional requirement of $75,000.00.

22.    A court determines the jurisdictional amount based on the relief sought in the complaint. The federal diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that the "amount-in-controversy requirement excludes only 'interest and costs.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

23.    In determining the amount in controversy, the Court must assume Plaintiff will prevail on each of his claims. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaints, not what a defendant will actually owe").

24.    A defendant must only make a plausible allegation of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Ninth Circuit employs "a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy." *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010). Under the "preponderance of the evidence" standard, the amount in controversy can incorporate assumptions, including the maximum amount "put into issue," as "the amount in controversy is simply an estimate of the total amount in dispute." *Id.* at 400-01 (emphasis added).

25.    The law does not require the removing defendant to research, state, and prove the exact amount the plaintiff sought by filing suit. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). Where the complaint is ambiguous, "a defendant's reasonable extrapolations from the plaintiff's allegations"

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.

HB: 4880-4091-4324.1

may be sufficient to establish the amount in controversy. *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1041 (N.D. Cal. 2014).

26.    While Hertz strongly denies Plaintiff's factual allegations and that he is entitled to any of the relief for which he has prayed, it is clear that Plaintiff has put into controversy an amount "more likely than not" in excess of $75,000.00.  Indeed, in his Prayer for Relief, Plaintiff asks for general damages, special damages, penalties, punitive damages, compensatory damages, emotional damages, and attorneys' fees. (*See* **Ex. A.**)

### i.    *Lost Wages and Penalties*

27.    The California Government Code prohibits various unlawful employment practices, including discrimination, failure to accommodate, and wrongful discharge.  Cal. Gov't Code § 12940.

28.    In his Complaint, Plaintiff alleges claims under the Government Code, the Fair Employment and Housing Act (the "FEHA"), for discrimination, failure to accommodate, and wrongful discharge.  (*See* **Ex. A.**)

29.    Lost wages are a remedy available to Plaintiff under his claims for discrimination, retaliation, and wrongful termination in violation of public policy. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

30.    Plaintiff alleges that he suffered damages as a result of the alleged discrimination, failure to accommodate, and wrongful discharge.

31.    Plaintiff alleges Hertz employed him from on or about September 2016, to on or about April 2023.  Hertz's records reflect Plaintiff was earning approximately $5,380 per month at the time his employment with Hertz ended.

32.    The amount in controversy for determining jurisdiction is at least the amount of back pay at the time of removal. *See, e.g.*, *Garfias v. Team Indus. Servs., Inc.*, No. LC CV 17-04282 JAK, 2017 WL 4512444, at *4 (C.D. Cal. Oct. 10, 2017).

33.    Assuming Plaintiff's rate of pay remained consistent, Plaintiff's damages

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES. CA 90071
(213) 337-6550

NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.
HB: 4880-4091-4324.1

for lost wages from on or about April 2023, through the date of this Notice of Removal, would be approximately **$43,040**. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468 at *4 (C.D. Cal. Mar. 3, 2015).

34.    The Court should consider at least **$43,040** in lost wages and penalties to determine the amount in controversy for establishing jurisdiction.

### ii.    *Emotional Distress*

35.    Emotional distress damages are properly considered in the amount of controversy for jurisdiction purposes. *Sasso*, 2015 WL 898468, at * 6; *see also, e.g.*, *Simmons v. PCR Technology, Inc.*, 209 F. Supp. 2d 1029, 1031-35 (2002) (considering emotional distress damages when finding amount in controversy exceeded $75,000.00). When analyzing emotional distress damages, courts look to jury verdicts from similar cases. *See Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018) (considering emotional distress damages when determining the amount in controversy to be more than $75,000.00 by looking at similar verdicts).

36.    Emotional distress damages awards in California employment cases often alone meet or exceed the jurisdictional threshold. *See Avila v. Kiewit Corporation*, Case No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *3-4 (C.D. Cal. Sept. 26, 2019) (including emotional distress damages in the amount in controversy calculation where verdicts in other employment discrimination cases awarded $45,000.00 and $125,000.00 for emotional distress damages); *see Velez v. Roche*, 335 F. Supp. 2d 1022, 1038–40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"); *Rinehart v. Bank Card Consultants, Inc.*, 2019 WL 92561, at *7-8 (Cal. Ct. App. Jan. 3, 2019) (upholding $225,000 emotional distress

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES. CA 90071
(213) 337-6550

NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.

HB: 4880-4091-4324.1

award in wrongful termination in violation of public policy case). Courts have noted that, for purposes of an amount in controversy analysis, it is reasonable to apply at least a 1:1 ratio to emotional and economic damages. *Cotoc v. Dolex Dollar Express, Inc.*, No. LA CV20-06066 JAK (MAAx), 2021 WL 3783581 at *6 (C.D. Cal. Aug. 25, 2021) (citing *Garfias v. Team Indus. Servs., Inc.*, No. LA CV17-04282 JAK (AGRx), 2017 WL 4512444, at *5 (C.D. Cal. Oct. 10, 2017)).

37. Assuming the lowest end of damages, the Court should consider $**43,040** in emotional distress damages to determine the amount in controversy.

### iii. Attorneys' Fees

38. Plaintiff's Complaint seeks an award of attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (when underlying statute authorizes award of attorneys' fees, fees may be included in amount in controversy).

39. Courts have held that a reasonable rate for employment cases is $300.00 per hour, and 100 hours is an appropriate and conservative estimate of the number of hours expended through trial for an employment action. *Adkins*, 293 F. Supp. 3d at 1147 ("Accordingly, the court will consider a reasonable and conservative estimate of the attorney's fees at the time of removal would be $30,000"); *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1472 (9th Cir. 1995) (affirming $724,380.00 in attorneys' fees in FEHA and ADEA case); *Arroyo v. Svela*, 2012 U.S. Dist. LEXIS 113725, at *4-5 (C.D. Cal. Aug. 13, 2012) (finding hourly rate of $425 reasonable in an employment case, and a total fee award of $48,660 for 113 hours through bench trial reasonable).

40. Assuming the lowest end of recoverable statutory attorney's fees, the Court should consider **$30,000** in attorneys' fees to determine the amount in controversy for establishing jurisdiction. *See Adkins*, 293 F. Supp. 3d at 1147.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.
HB: 4880-4091-4324.1

#### iv.   *Total Amount in Controversy*

41.   The amount in controversy for purposes of jurisdiction is the total amount at stake in the litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

42.   Based on the allegations in Plaintiff's Complaint, the Court should consider *at least* **$116,080** in controversy for purposes of establishing jurisdiction. This total amount at stake in this litigation exceeds the jurisdictional minimum of **$75,000.00**.

### IV.   THIS REMOVAL IS TIMELY AND SATISFIES ALL PREREQUISITES

43.   Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading or summons.  The 30-day removal window begins once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

44.   Here, Plaintiff served Hertz on November 6, 2023.  (*See* **Ex. H**.)  This Notice of Removal is timely because it has been filed within thirty days of Plaintiff's service of the Complaint on Hertz.  *See* 28 U.S.C. § 1446; Fed. R. Civ. P. 6(a)(1).

45.   Hertz has not made a prior application for this or similar relief.

46.   As required by 28 U.S.C. § 1446(d), Hertz will serve this Notice of Removal on Plaintiff.  Hertz also will promptly file a Notice of Filing a Notice of Removal with the Clerk of the California Superior Court, County of Riverside, which will advise the State Court of the removal.

### V.   CONCLUSION

Based on the foregoing, this matter is subject to the original jurisdiction of the Court, under 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.

HB: 4880-4091-4324.1

WHEREFORE, Hertz respectfully requests that the matter filed in the Superior Court of California, County of Riverside, and captioned as *Laron Taylor v. Hertz Local Edition Corp.,* Riverside County Superior Court Case No. CVRI2305817, be removed to the United States District Court for the Central District of California.

Dated: December 6, 2023                    HUSCH BLACKWELL LLP


By:    _/s/Zain Zubair_
           Andrew J. Weissler
           Zain Zubair

           Attorneys for Defendant
           HERTZ LOCAL EDITION CORP.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE., SUITE 2850, LOS ANGELES. CA 90071
(213) 337-6550

10
NOTICE OF REMOVAL BY DEFENDANT HERTZ LOCAL EDITION CORP.
HB: 4880-4091-4324.1

# EXHIBIT A

EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 10/31/2023 09:23 AM
Case Number CVRI2305817 0000074422791 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joseline DeRosier, Clerk

Russell Gomm, SBN 231056
Gomm Law
510 N Darwood Ave
San Dimas, CA 91773
213.254.5759
russell@gomm.law

Attorneys for Plaintiff
LARON TAYLOR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| LARON TAYLOR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HERTZ LOCAL EDITION CORP., a corporation, and DOES 1 through 25,<br><br>Defendants. | Case No.  CVRI2305817<br><br>**COMPLAINT**<br>1. **Disability Discrimination (FEHA, Gov. Code, § 12940(a))**<br>2. **Failure to Engage in the Interactive Process (FEHA, Gov. Code, § 12940(n))**<br>3. **Failure to Provide Reasonable Accommodation (FEHA, Gov. Code, § 12940(m))**<br>4. **Wrongful Discharge in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

Plaintiff LaRon Taylor ("Mr. Taylor") alleges as follows based on personal knowledge, or information and belief:

**PARTIES**

1.     Mr. Taylor is, and at relevant times was, a resident of Riverside County, California.

2.     Hertz Local Edition Corp. ("Hertz") is and at all times mentioned herein was a Delaware corporation, with its principal place of business in the state of Florida, and doing business in Riverside County, where the events below took place.

3.     Hertz was Mr. Taylor's employer.

4.     The true names and capacities of Defendants Does 1 through 25 are unknown to Mr. Taylor at this time, and Mr. Taylor therefore sues such Defendants under fictitious names. Mr. Taylor is informed and believes that each Defendant designated as a Doe is in some manner highly responsible for the occurrences alleged herein, and that Mr. Taylor's injuries and damages as alleged herein were proximately caused by the conduct of such Doe Defendants. Mr. Taylor will seek leave of the Court to amend this complaint to allege the true names and capacities of such Doe Defendants when ascertained.

5.     Mr. Taylor is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of, each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

2

COMPLAINT

6. Mr. Taylor is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

7. As a direct and proximate result of the unlawful actions of Defendants, Mr. Taylor has suffered, and continues to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

8. All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Mr. Taylor's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among those Defendants such that any individuality and separateness between or among these Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged

COMPLAINT

in, authorized, ratified, and approved of by all other Defendants. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9.      Hertz operates a car rental business in Riverside County, California. Hertz regularly employs more than five persons.

10.     Hertz employed Mr. Taylor as a location manager in Riverside County starting in September 2016.

11.     Mr. Taylor performed his job duties for Hertz to Hertz's satisfaction.

12.     In or around November 2022, Mr. Taylor was diagnosed by his physician with anxiety and depression that temporarily substantially limited his ability to perform his work duties for Hertz.

13.     Shortly after the aforementioned diagnosis, in or around November 2022, Mr. Taylor requested medical leave from Hertz in order to address his own mental health condition. Mr. Taylor promptly provided all information and documentation requested by Hertz regarding his medical leave. Hertz approved Mr. Taylor's medical leave. Hertz subsequently granted Mr. Taylor extensions of his medical leave based on his submission of all information it requested.

14.     On or around March 17, 2023, Hertz informed Mr. Taylor that he had no further medical leave available under Hertz's normal leave policy and that as a result, in order to obtain further leave he would need to apply for an "ADA" reasonable accommodation, including providing additional medical certification from his physician.

4

COMPLAINT

15. The same day Hertz informed Mr. Taylor that he needed to apply for an "ADA" reasonable accommodation, Mr. Taylor contacted his physician to schedule an appointment to obtain the information required for the "ADA" reasonable accommodation application. Mr. Taylor's physician's office informed him that the first available appointment was on April 5, 2023. Mr. Taylor informed Hertz that he would not be able to return the information requested from his physician until after that date.

16. Mr. Taylor's appointment with his physician was subsequently postponed to April 7, 2023. On or before that day, Mr. Taylor submitted to Hertz all information Hertz had requested regarding his "ADA" reasonable accommodation request. On April 10, 2023, Hertz confirmed that it had received the information Mr. Taylor had submitted on April 7.

17. On or about April 12, 2023, Hertz emailed Mr. Taylor and informed him that his employment was terminated. Hertz stated that the reason for his termination was that he had not provided the information from his physician Hertz had requested regarding his "ADA" reasonable accommodation for an extension of his leave. This reason was false because Mr. Taylor in fact had provided the information Hertz had requested from his physician.

18. As a direct and proximate result of Defendants' conduct described above, Mr. Taylor has suffered and continues to suffer economic damages, including loss of income and disability insurance benefits, in an amount according to proof.

19. As a direct and proximate result of Defendants' conduct described above, Mr. Taylor has suffered and will continue to suffer substantial

5

COMPLAINT

and severe mental anguish and emotional distress, including humiliation, embarrassment, anger, and worry.

20. As a direct and proximate result of Defendants' conduct described above, Mr. Taylor has been required to incur costs, expenses, and attorney fees necessary to pursue this action in an amount according to proof.

21. Mr. Taylor timely filed an administrative complaint alleging the facts above with the State of California Civil Rights Department pursuant to the provisions of the California Fair Employment and Housing Act, Government Code, Section 12940, et seq. ("FEHA"), and received a Notice of Case Closure and Right to Sue.

**FIRST CAUSE OF ACTION**
**DISABILITY DISCRIMINATION**
**(FEHA, Gov. Code, § 12940(a))**
**Against All Defendants**

22. Mr. Taylor hereby incorporates all paragraphs above by reference.

23. Mr. Taylor was an employee of Defendants at all relevant times.

24. Mr. Taylor had a mental health condition that limited his ability to perform his work duties for Defendants .

25. Defendants knew of Mr. Taylor's mental health condition that limited his ability to perform his work duties for Hertz.

26. Mr. Taylor was able to perform the essential duties of his position with Defendants with reasonable accommodation of additional leave to recover from his mental health condition.

27. Defendants terminated Mr. Taylor's employment.

28. Mr. Taylor's mental health condition was a substantial motivating reason for Defendants' decision to terminate him.

COMPLAINT

29. Defendants' conduct set forth above violated Government Code, Section 12940(a).

30. As a direct and proximate result of Defendants' conduct set forth above, Mr. Taylor has suffered damages in the form of lost wages and other economic harm, psychological and emotional pain and suffering, court costs, expenses, and attorney fees in an amount according to proof.

## SECOND CAUSE OF ACTION
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
### (FEHA, Gov. Code, § 12940(n))
### Against All Defendants

31. Mr. Taylor hereby incorporates all paragraphs above by reference.

32. Mr. Taylor requested that Defendants make reasonable accommodation for his mental health condition so that he would be able to perform the essential requirements of his job with Defendants.

33. Mr. Taylor was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements.

34. Defendants failed to participate in a timely good-faith interactive process with Mr. Taylor to determine whether reasonable accommodation could be made.

35. Defendants could have made a reasonable accommodation for Mr. Taylor's mental health condition at the time the interactive process should have taken place.

36. Defendants' conduct set forth above violated Government Code, Section 12940(n).

7

COMPLAINT

37. As a direct and proximate result of Defendants' conduct set forth above, Mr. Taylor has suffered damages in the form of lost wages and other economic harm, psychological and emotional pain and suffering, court costs, expenses, and attorney fees in an amount according to proof.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE REASONABLE ACCOMMODATION
### (FEHA, Gov. Code, § 12940(m))
### Against All Defendants

38. Mr. Taylor hereby incorporates all paragraphs above by reference.

39. Defendants failed to provide reasonable accommodation for Mr. Taylor's mental health condition.

40. Defendants retaliated against Mr. Taylor for requesting reasonable accommodation by terminating his employment.

41. Defendants' conduct set forth above violated Government Code, Section 12940(m).

42. As a direct and proximate result of Defendants' conduct set forth above, Mr. Taylor has suffered damages in the form of lost wages and other economic harm, psychological and emotional pain and suffering, court costs, expenses, and attorney fees in an amount according to proof.

## FOURTH CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### Against All Defendants

43. Mr. Taylor hereby incorporates all paragraphs above by reference.

44. Defendants terminated Mr. Taylor's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Mr. Taylor's employment was terminated because of his disability

COMPLAINT

and his request for accommodation of his disability. These actions were in violation of FEHA and the California Constitution.

45.    As a direct and proximate result of Defendants' conduct set forth above, Mr. Taylor has suffered damages in the form of lost wages and other economic harm, psychological and emotional pain and suffering, court costs, expenses, and attorney fees in an amount according to proof.

## PRAYER

Mr. Taylor prays for judgment as follows:

a.    For compensatory, special, and general damages in an amount to be proven at trial, together with pre-judgment interest thereon;

b.    For emotional distress damages;

c.    For treble, liquidated, or other damages;

d.    For reasonable attorney fees, expenses, and costs of suit as permitted under applicable law, including but not limited to Code of Civil Procedure, Sections 1021.5 and 1032; and Government Code, Section 12940, *et seq.*; and

e.    For such other and further relief as the Court deems appropriate and just.

The amount demanded exceeds $25,000. Additionally, Mr. Taylor demands trial of this matter by jury.

Dated: October 31, 2023

Gomm Law

By: _____

Russell Gomm
Attorneys for Plaintiff

9

COMPLAINT

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Russell Gomm, SBN 231056<br>Gomm Law, 510 N Darwood Ave, San Dimas, CA 91773<br><br>TELEPHONE NO.: 213.254.5759     FAX NO. *(Optional):*<br>E-MAIL ADDRESS: russell@gomm.law<br>ATTORNEY FOR *(Name):* Plaintiff LARON TAYLOR | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 Main St
MAILING ADDRESS: 4050 Main St
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME:       Electronically FILED by Superior Court of California, County of Riverside on 10/31/2023 09:23 AM

CASE NAME:       Case Number CVRI2305817 0000074422793 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joseline DeRosier, Clerk
LARON TAYLOR v. HERTZ LOCAL EDITION CORP., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**  [ ] **Limited**<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI2305817<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 31, 2023
Russell Gomm                                                        ► *[signature]*
_____                   _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
           or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

# EXHIBIT C

EXHIBIT C

Electronically FILED by Superior Court of California, County of Riverside on 10/31/2023 09:23 AM
Case Number CVRI2305817 0000074422794 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joseline DeRosier, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☒ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)<br>Russell Gomm, SBN 231056<br>Gomm Law<br>510 N Darwood Ave<br>San Dimas, CA 91773<br><br>TELEPHONE NO: 213.254.5759      FAX NO. (*Optional*):<br>E-MAIL ADDRESS (*Optional*): russell@gomm.law<br>ATTORNEY FOR (*Name*): Plaintiff LARON TAYLOR | FOR COURT USE ONLY |
| PLAINTIFF/PETITIONER: LARON TAYLOR, an individual<br><br>DEFENDANT/RESPONDENT: HERTZ LOCAL EDITION CORP., a corporation | CASE NUMBER:<br>CVRI2305817 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92555 _____

☐    The action concerns real property located in the zip code of:  _____

☐    The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  October 31, 2023 _____

Russell Gomm _____    ► _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                          (SIGNATURE)

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-CI032 [Rev. 07/15/21] | **CERTIFICATE OF COUNSEL** | **Page 1 of 1**<br>Local Rule 3117<br>riverside.courts.ca.gov/localfrms/localfrms.shtml |

# EXHIBIT D

Electronically FILED by Superior Court of California, County of Riverside on 10/31/2023 03:14 PM
Case Number CVRI2305817 0000074494984 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lomuscio, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Russell Gomm, SBN 231056<br>Gomm Law<br>510 N Darwood Ave<br>San Dimas, CA 91773<br>TELEPHONE NO: 213.254.5759    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: russell@gomm.law<br>ATTORNEY FOR *(Name)*: Plaintiff LARON TAYLOR | FOR COURT USE ONLY |
| PLAINTIFF/PETITIONER: LARON TAYLOR, an individual | |
| DEFENDANT/RESPONDENT: HERTZ LOCAL EDITION CORP., a corporation | CASE NUMBER:<br>CVRI2305817 |

## AMENDED CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92555 _____

☐    The action concerns real property located in the zip code of:  _____

☐    The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  October 31, 2023 _____

Russell Gomm _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____
(SIGNATURE)

**Page 1 of 1**

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localfrms/localfrms.shtml

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2305817

**Case Name:**    TAYLOR vs HERTZ LOCAL EDITION CORP.

RUSSELL GOMM
510 N DARWOOD AVE
San Dimas, CA 91773

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/29/2024 | 8:30 AM | Department 10 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

 

| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 10/31/2023                                   JASON B. GALKIN,
                                                    Court Executive Officer/Clerk of the Court


                                                    by: _____
                                                         J. DeRosier, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# EXHIBIT F

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2305817

**Case Name:**    TAYLOR vs HERTZ LOCAL EDITION CORP.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Christopher B. Harmon in Department 10  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 10/31/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:  *Jasein DeRosier*

J. DeRosier, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# EXHIBIT G

1

EXHIBIT G

HB: 4862-9941-3551.1

Electronically FILED by Superior Court of California, County of Riverside on 11/02/2023 05:08 PM
Case Number CVRI2305817 0000074785469 - Jason B. Galkin, Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HERTZ LOCAL EDITION CORP., a corporation, and DOES 1 through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LARON TAYLOR, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside Historic Courthouse<br><br>4050 Main St, Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):*<br><br>CVRI2305817 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Russell Gomm, Gomm Law, 510 N Darwood Ave, San Dimas, CA 91773, 213.254.5759, russell@gomm.law

| DATE:<br>*(Fecha)*    11/02/2023 | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HERTZ LOCAL EDITION CORP.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

# EXHIBIT H



**CT Corporation**
**Service of Process Notification**
11/06/2023
CT Log Number 545093122

## Service of Process Transmittal Summary

**TO:**   CASSANDRA BISHOP, Senior Legal Assistant
        The Hertz Corporation
        8501 Williams Rd
        Estero, FL 33928-3325

**RE:**   **Process Served in California**

**FOR:**  Hertz Local Edition Corp.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LARON TAYLOR, an individual // To: Hertz Local Edition Corp. |
| **CASE #:** | CVRI2305817 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/06/2023 at 13:44 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/07/2023, Expected Purge Date: 11/12/2023 |
| | Image SOP |
| | Email Notification,  CASSANDRA BISHOP  cassandra.bishop@hertz.com |
| | Email Notification,  Rose Tomlinson  rose.tomlinson@hertz.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
877-564-7529
MajorAccountTeam2@wolterskluwer.com |
| **REMARKS:** | This SOP contains items that require physical delivery |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Nov 6, 2023
**Server Name:**                             Juan Rodriguez

| Entity Served | HERTZ LOCAL EDITION CORP. |
|---|---|
| Case Number | CVRI2305817 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| Hard Copy | | |



Electronically FILED by Superior Court of California, County of Riverside on 11/02/2023 05:08 PM
Case Number CVRI2305817 0000074785469 - Jason B. Galkin, Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HERTZ LOCAL EDITION CORP., a corporation, and DOES 1 through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LARON TAYLOR, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Historic Courthouse 4050 Main St, Riverside, CA 92501 | **CASE NUMBER:** *(Número del Caso):* CVRI2305817 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Russell Gomm, Gomm Law, 510 N Darwood Ave, San Dimas, CA 91773, 213.254.5759, russell@gomm.law

| DATE: *(Fecha)* 11/02/2023 | Clerk, by *(Secretario)* _____ | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HERTZ LOCAL EDITION CORP.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |

Electronically FILED by Superior Court of California, County of Riverside on 10/31/2023 09:23 AM
Case Number CVRI2305817 0000074422791 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joseline DeRosier, Clerk

Russell Gomm, SBN 231056
Gomm Law
510 N Darwood Ave
San Dimas, CA 91773
213.254.5759
russell@gomm.law

Attorneys for Plaintiff
LARON TAYLOR

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF RIVERSIDE

| LARON TAYLOR, an individual, | Case No.  CVRI2305817 |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | 1. **Disability Discrimination (FEHA, Gov. Code, § 12940(a))** |
| HERTZ LOCAL EDITION CORP., a corporation, and DOES 1 through 25, | 2. **Failure to Engage in the Interactive Process (FEHA, Gov. Code, § 12940(n))** |
| Defendants. | 3. **Failure to Provide Reasonable Accommodation (FEHA, Gov. Code, § 12940(m))** |
| | 4. **Wrongful Discharge in Violation of Public Policy** |
| | **DEMAND FOR JURY TRIAL** |

1

COMPLAINT

Plaintiff LaRon Taylor ("Mr. Taylor") alleges as follows based on personal knowledge, or information and belief:

**PARTIES**

1.    Mr. Taylor is, and at relevant times was, a resident of Riverside County, California.

2.    Hertz Local Edition Corp. ("Hertz") is and at all times mentioned herein was a Delaware corporation, with its principal place of business in the state of Florida, and doing business in Riverside County, where the events below took place.

3.    Hertz was Mr. Taylor's employer.

4.    The true names and capacities of Defendants Does 1 through 25 are unknown to Mr. Taylor at this time, and Mr. Taylor therefore sues such Defendants under fictitious names. Mr. Taylor is informed and believes that each Defendant designated as a Doe is in some manner highly responsible for the occurrences alleged herein, and that Mr. Taylor's injuries and damages as alleged herein were proximately caused by the conduct of such Doe Defendants. Mr. Taylor will seek leave of the Court to amend this complaint to allege the true names and capacities of such Doe Defendants when ascertained.

5.    Mr. Taylor is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of, each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

2

COMPLAINT

6. Mr. Taylor is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

7. As a direct and proximate result of the unlawful actions of Defendants, Mr. Taylor has suffered, and continues to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

8. All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Mr. Taylor's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among those Defendants such that any individuality and separateness between or among these Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged

3

COMPLAINT

in, authorized, ratified, and approved of by all other Defendants. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Hertz operates a car rental business in Riverside County, California. Hertz regularly employs more than five persons.

10. Hertz employed Mr. Taylor as a location manager in Riverside County starting in September 2016.

11. Mr. Taylor performed his job duties for Hertz to Hertz's satisfaction.

12. In or around November 2022, Mr. Taylor was diagnosed by his physician with anxiety and depression that temporarily substantially limited his ability to perform his work duties for Hertz.

13. Shortly after the aforementioned diagnosis, in or around November 2022, Mr. Taylor requested medical leave from Hertz in order to address his own mental health condition. Mr. Taylor promptly provided all information and documentation requested by Hertz regarding his medical leave. Hertz approved Mr. Taylor's medical leave. Hertz subsequently granted Mr. Taylor extensions of his medical leave based on his submission of all information it requested.

14. On or around March 17, 2023, Hertz informed Mr. Taylor that he had no further medical leave available under Hertz's normal leave policy and that as a result, in order to obtain further leave he would need to apply for an "ADA" reasonable accommodation, including providing additional medical certification from his physician.

4

COMPLAINT

15. The same day Hertz informed Mr. Taylor that he needed to apply for an "ADA" reasonable accommodation, Mr. Taylor contacted his physician to schedule an appointment to obtain the information required for the "ADA" reasonable accommodation application. Mr. Taylor's physician's office informed him that the first available appointment was on April 5, 2023. Mr. Taylor informed Hertz that he would not be able to return the information requested from his physician until after that date.

16. Mr. Taylor's appointment with his physician was subsequently postponed to April 7, 2023. On or before that day, Mr. Taylor submitted to Hertz all information Hertz had requested regarding his "ADA" reasonable accommodation request. On April 10, 2023, Hertz confirmed that it had received the information Mr. Taylor had submitted on April 7.

17. On or about April 12, 2023, Hertz emailed Mr. Taylor and informed him that his employment was terminated. Hertz stated that the reason for his termination was that he had not provided the information from his physician Hertz had requested regarding his "ADA" reasonable accommodation for an extension of his leave. This reason was false because Mr. Taylor in fact had provided the information Hertz had requested from his physician.

18. As a direct and proximate result of Defendants' conduct described above, Mr. Taylor has suffered and continues to suffer economic damages, including loss of income and disability insurance benefits, in an amount according to proof.

19. As a direct and proximate result of Defendants' conduct described above, Mr. Taylor has suffered and will continue to suffer substantial

5

COMPLAINT

and severe mental anguish and emotional distress, including humiliation, embarrassment, anger, and worry.

20. As a direct and proximate result of Defendants' conduct described above, Mr. Taylor has been required to incur costs, expenses, and attorney fees necessary to pursue this action in an amount according to proof.

21. Mr. Taylor timely filed an administrative complaint alleging the facts above with the State of California Civil Rights Department pursuant to the provisions of the California Fair Employment and Housing Act, Government Code, Section 12940, et seq. ("FEHA"), and received a Notice of Case Closure and Right to Sue.

**FIRST CAUSE OF ACTION**
**DISABILITY DISCRIMINATION**
**(FEHA, Gov. Code, § 12940(a))**
**Against All Defendants**

22. Mr. Taylor hereby incorporates all paragraphs above by reference.

23. Mr. Taylor was an employee of Defendants at all relevant times.

24. Mr. Taylor had a mental health condition that limited his ability to perform his work duties for Defendants .

25. Defendants knew of Mr. Taylor's mental health condition that limited his ability to perform his work duties for Hertz.

26. Mr. Taylor was able to perform the essential duties of his position with Defendants with reasonable accommodation of additional leave to recover from his mental health condition.

27. Defendants terminated Mr. Taylor's employment.

28. Mr. Taylor's mental health condition was a substantial motivating reason for Defendants' decision to terminate him.

6

29. Defendants' conduct set forth above violated Government Code, Section 12940(a).

30. As a direct and proximate result of Defendants' conduct set forth above, Mr. Taylor has suffered damages in the form of lost wages and other economic harm, psychological and emotional pain and suffering, court costs, expenses, and attorney fees in an amount according to proof.

## SECOND CAUSE OF ACTION
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
### (FEHA, Gov. Code, § 12940(n))
### Against All Defendants

31. Mr. Taylor hereby incorporates all paragraphs above by reference.

32. Mr. Taylor requested that Defendants make reasonable accommodation for his mental health condition so that he would be able to perform the essential requirements of his job with Defendants.

33. Mr. Taylor was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements.

34. Defendants failed to participate in a timely good-faith interactive process with Mr. Taylor to determine whether reasonable accommodation could be made.

35. Defendants could have made a reasonable accommodation for Mr. Taylor's mental health condition at the time the interactive process should have taken place.

36. Defendants' conduct set forth above violated Government Code, Section 12940(n).

COMPLAINT

37. As a direct and proximate result of Defendants' conduct set forth above, Mr. Taylor has suffered damages in the form of lost wages and other economic harm, psychological and emotional pain and suffering, court costs, expenses, and attorney fees in an amount according to proof.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE REASONABLE ACCOMMODATION
### (FEHA, Gov. Code, § 12940(m))
### Against All Defendants

38. Mr. Taylor hereby incorporates all paragraphs above by reference.

39. Defendants failed to provide reasonable accommodation for Mr. Taylor's mental health condition.

40. Defendants retaliated against Mr. Taylor for requesting reasonable accommodation by terminating his employment.

41. Defendants' conduct set forth above violated Government Code, Section 12940(m).

42. As a direct and proximate result of Defendants' conduct set forth above, Mr. Taylor has suffered damages in the form of lost wages and other economic harm, psychological and emotional pain and suffering, court costs, expenses, and attorney fees in an amount according to proof.

## FOURTH CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### Against All Defendants

43. Mr. Taylor hereby incorporates all paragraphs above by reference.

44. Defendants terminated Mr. Taylor's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Mr. Taylor's employment was terminated because of his disability

8

COMPLAINT

and his request for accommodation of his disability. These actions were in violation of FEHA and the California Constitution.

45. As a direct and proximate result of Defendants' conduct set forth above, Mr. Taylor has suffered damages in the form of lost wages and other economic harm, psychological and emotional pain and suffering, court costs, expenses, and attorney fees in an amount according to proof.

<strong>PRAYER</strong>

Mr. Taylor prays for judgment as follows:

a. For compensatory, special, and general damages in an amount to be proven at trial, together with pre-judgment interest thereon;

b. For emotional distress damages;

c. For treble, liquidated, or other damages;

d. For reasonable attorney fees, expenses, and costs of suit as permitted under applicable law, including but not limited to Code of Civil Procedure, Sections 1021.5 and 1032; and Government Code, Section 12940, *et seq.*; and

e. For such other and further relief as the Court deems appropriate and just.

The amount demanded exceeds $25,000. Additionally, Mr. Taylor demands trial of this matter by jury.

Dated: October 31, 2023

Gomm Law

By: _____
Russell Gomm
Attorneys for Plaintiff

9

COMPLAINT

RI-ADR001-INFO



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
*INFORMATION PACKAGE*

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

**Page 2 of 2**

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration   ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
|---|---|---|
| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

**Page 1 of 1**

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

Electronically FILED by Superior Court of California, County of Riverside on 10/31/2023 09:23 AM
Case Number CVRI2305817 0000074422794 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joseline DeRosier, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☒ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| Russell Gomm, SBN 231056<br>Gomm Law<br>510 N Darwood Ave<br>San Dimas, CA 91773<br><br>TELEPHONE NO: 213.254.5759.      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* russell@gomm.law<br>ATTORNEY FOR *(Name):* Plaintiff LARON TAYLOR | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: LARON TAYLOR, an individual | |
| DEFENDANT/RESPONDENT: HERTZ LOCAL EDITION CORP., a corporation | CASE NUMBER:<br>CVRI2305817 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92555 _____

☐    The action concerns real property located in the zip code of:   _____

☐    The Defendant resides in the zip code of:   _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  October 31, 2023 _____

Russell Gomm _____    ► _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)             (SIGNATURE)

Page 1 of 1

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-CI032 [Rev. 07/15/21] | **CERTIFICATE OF COUNSEL** | Local Rule 3117<br>riverside.courts.ca.gov/localfrms/localfrms.shtml |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Russell Gomm, SBN 231056 <br> Gomm Law, 510 N Darwood Ave, San Dimas, CA 91773 <br><br> TELEPHONE NO.: 213.254.5759    FAX NO. *(Optional):* <br> E-MAIL ADDRESS: russell@gomm.law <br> ATTORNEY FOR *(Name):* Plaintiff LARON TAYLOR | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE**
STREET ADDRESS: 4050 Main St
MAILING ADDRESS: 4050 Main St
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME:

Electronically FILED by Superior Court of California, County of Riverside on 10/31/2023 09:23 AM

CASE NAME:    Case Number CVRI2305817 0000074422793 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joseline DeRosier, Clerk
LARON TAYLOR v. HERTZ LOCAL EDITION CORP., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CVRI2305817 <br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October  31, 2023
Russell Gomm
_____ ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2305817

**Case Name:**    TAYLOR vs HERTZ LOCAL EDITION CORP.

RUSSELL GOMM
510 N DARWOOD AVE
San Dimas, CA 91773

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/29/2024 | 8:30 AM | Department 10 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/31/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *J. DeRosier*

J. DeRosier, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2305817

**Case Name:**    TAYLOR vs HERTZ LOCAL EDITION CORP.

LARON TAYLOR

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/29/2024 | 8:30 AM | Department 10 |
| Location of Hearing:<br>**4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

| <br> | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 10/31/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _Jasein DeRosier_

J. DeRosier, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2305817

**Case Name:**    TAYLOR vs HERTZ LOCAL EDITION CORP.

HERTZ LOCAL EDITION CORP.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/29/2024 | 8:30 AM | Department 10 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| --- | --- |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/31/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _J. DeRosier_

J. DeRosier, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2305817

GOMM, RUSSELL                         TAYLOR, LARON
510 N DARWOOD AVE
San Dimas, CA 91773


HERTZ LOCAL EDITION CORP.

Electronically FILED by Superior Court of California, County of Riverside on 10/31/2023 03:14 PM
Case Number CVRI2305817 0000074494984 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lomuscio, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Russell Gomm, SBN 231056<br>Gomm Law<br>510 N Darwood Ave<br>San Dimas, CA 91773<br>TELEPHONE NO: 213.254.5759    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* russell@gomm.law<br>ATTORNEY FOR *(Name):* Plaintiff LARON TAYLOR | FOR COURT USE ONLY |
| PLAINTIFF/PETITIONER: LARON TAYLOR, an individual | |
| DEFENDANT/RESPONDENT: HERTZ LOCAL EDITION CORP., a corporation | CASE NUMBER:<br>CVRI2305817 |

### AMENDED CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92555 _____

☐    The action concerns real property located in the zip code of:  _____

☐    The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  October 31, 2023 _____

Russell Gomm _____    ►    _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)    (SIGNATURE)

**Page 1 of 1**

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-CI032 [Rev. 07/15/21] | **CERTIFICATE OF COUNSEL** | Local Rule 3117<br>riverside.courts.ca.gov/localfrms/localfrms.shtml |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2305817

**Case Name:**   TAYLOR vs HERTZ LOCAL EDITION CORP.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Christopher B. Harmon in Department 10  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 10/31/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:  _J. DeRosier_

J. DeRosier, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# EXHIBIT I

EXHIBIT I

Electronically FILED by Superior Court of California, County of Riverside on 12/06/2023 11:29 AM
Case Number CVRI2305817 0000077681447 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

Andrew J. Weissler (Bar No. 343145)
aj.weissler@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO  63105
*Telephone:*     314.480.1926
*Facsimile:*     314.480.1505

Zain Zubair (Bar No. 323273)
Zain.Zubair@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Ave, Suite 2850
Los Angeles, CA  90071
*Telephone*:     213.337.6550
*Facsimile*:     213.337.6551

Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| LARON TAYLOR, an individual<br><br>Plaintiff,<br><br>v.<br><br>HERTZ LOCAL EDITION CORP., a corporation, and DOES 1 through 25,<br><br>Defendants. | Case No. *CVRI2305817*<br><br>**DEFENDANT HERTZ LOCAL EDITION CORP.'S, ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Action Filed:     October 31, 2023<br>Trial:     Not Set |

Defendant Hertz Local Edition Corp. ("Defendant" or "Hertz") hereby submits the following answer and affirmative defenses to Plaintiff Laron Taylor's ("Plaintiff") unverified Complaint ("Complaint").

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Defendant denies generally and specifically each, every, and all of the allegations of the unverified Complaint, and the whole thereof.  Defendant further denies that Plaintiff has sustained, or will sustain, any injury, damage,

ANSWER BY DEFENDANT HERTZ LOCAL EDITION CORP.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

HB: 4855-8147-4452.1

or loss by reason of any act, omission, breach, negligence, or any other conduct or in the absence thereof, on the part of Defendant, or any agent, attorney, servant, or employee of Defendant.

### AFFIRMATIVE DEFENSES

Without conceding that Defendant bears the burden of proof or persuasion as to any one of the affirmative defenses, Defendant asserts the following affirmative and other defenses as to each and every cause of action alleged in the unverified Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against Defendant. *See* Code of Civil Procedure section 430.80 (indicating defense of failure to state a claim may be raised by demurrer or answer). Among other things, the Complaint is vague, fails to allege facts establishing any violation of law, and fails to allege facts establishing injury.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

2. Any recovery on the Complaint or purported causes of action alleged therein is barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure §§ 335, 335.1, 336, 337, 338(a), 339, 340(a) and (c), 343, 344 and Government Code §§ 12960 and 12965.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Plead with Particularity)

3. The Complaint is barred, in whole or in part, because Plaintiff failed to plead causes of action alleged in the Complaint with the particularity required by law.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Laches)

4. The Complaint is barred, in whole or in part, based on the doctrine of laches.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

5. Any recovery on the Complaint or purported causes of action alleged therein is barred

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

ANSWER BY DEFENDANT HERTZ LOCAL EDITION CORP.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

HB: 4855-8147-4452.1

under the equitable doctrine of unclean hands.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Release and Waiver)**

6.     Any recovery on the Complaint or purported causes of action alleged therein is barred under the equitable doctrine of release and waiver.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Good Faith)**

7.     The Complaint is barred, in whole or in part, because Defendant acted in good faith and had reasonable grounds for believing that its actions did not violate the California Fair Employment and Housing Act (the "FEHA") or the California Government Code.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Claim for Attorney's Fees)**

8.     The Complaint fails to state facts sufficient to support a claim for attorney's fees.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Avoidable Consequences)**

9.     Plaintiff's Complaint is barred under the avoidable consequences doctrine. Defendant had procedures in place for reporting work-related issues.  Plaintiff unreasonably failed to use Defendant's preventive and corrective measures, and reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Compliance with Statutes)**

10.     The Complaint, and each purported cause of action alleged, is barred because Defendant and its agents at all times complied and/or substantially complied with all applicable statutes, regulations, laws, and/or interpretive guidance, including, but not limited to, the California Fair Employment and Housing Act.

/ / /

/ / /

ANSWER BY DEFENDANT HERTZ LOCAL EDITION CORP.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

HB: 4855-8147-4452.1

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Damages or Injury)

11.     The Complaint is barred, in whole or in part, due to lack of any cognizable injury or damages legally compensable by law.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Equitable Defenses)

12.     The Complaint is barred, in whole or in part, based on principles of equity.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver and Estoppel)

13.     The Complaint is barred, in whole or in part, based on principles of waiver and estoppel.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (After-Acquired Evidence)

14.     Defendant is informed and believes and thereon alleges that a reasonable opportunity for investigation and discovery may reveal that Plaintiff's Complaint, and each purported cause of action alleged, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages, the existence of which damages Defendant specifically denies.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Action by Managing Agent)

15.     The Complaint, and each purported cause of action alleged, is barred because Plaintiff has not alleged and cannot show that the actions alleged in the Complaint against Defendant were engaged in by a "managing agent" as required by Cal. Civ. Code § 3294(b) and defined by *White v. Ultramar, Inc.*, 21 Cal. 4th 563 (1999).

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Legitimate Business Reasons)

16.     The Complaint is barred, in whole or in part, because Defendant's alleged actions with respect to Plaintiff were non-discriminatory, non-retaliatory, and non-pretextual, were based

HB: 4855-8147-4452.1

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

on legitimate reasons and carried out in the good-faith exercise of Defendant's reasonable business judgment, and were carried out or would have been carried out regardless of Plaintiff's protected status.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Mixed Motive)

17.    To the extent that any adverse employment action taken against Plaintiff was motivated by both discriminatory and non-discriminatory reasons sufficient to constitute a "mixed motive," Defendant is not liable because their legitimate reason(s), standing alone, would have induced Defendant to make the same decision at that time.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Care)

18.    The Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory conduct, if any.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unconstitutionality of the Punitive Damages Standard)

19.    To the extent that Plaintiff seeks or intends to seek punitive damages, without qualification or limitation, the standards for an award of punitive damages under state law are unconstitutionally vague under both the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the California Constitution, in that there are no adequate standards or guidelines (1) for determining the type of conduct on which an award of punitive damages may be based; (2) for guiding the trier of fact in deciding whether to award punitive damages; or (3) for fixing or determining the amount of any punitive damages to be awarded.  Moreover, there are inadequate procedural safeguards under state law for awarding punitive damages in that to the extent punitive damages are imposed as punishment, none of the procedural protections required by due process for punitive proceedings, such as unanimity of verdict or proof beyond a reasonable doubt, are provided.  Finally, excessive punitive damages violate the Due Process Clauses of the United States and California Constitutions.

/ / /

HB: 4855-8147-4452.1

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Administrative Remedies)

20.     Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies, the allegations in the Complaint fall outside the scope of any administrative charges Plaintiff filed, and/or Plaintiff otherwise failed to comply with the statutory prerequisites to the bringing of this action under California Government Code §§12900, *et seq*.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate Alleged Damages)

21.     Defendant is informed and believes that the Complaint, and each purported cause of action alleged, is barred because Plaintiff failed to mitigate any damages that he may have suffered.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Set-Off)

22.     To the extent that Plaintiff has received compensation for his alleged injuries from other sources, or to the extent that a cross-demand for money exists from Defendant to Plaintiff, a damage award in this action, if any, should be offset accordingly.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Policies and Practices)

23.     The Complaint is barred, in whole or in part, because Defendant promulgated and disseminated appropriate Company policies and practices prohibiting retaliation, harassment, and discrimination, which provide employees measures through which to report suspected violations.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Workers' Compensation Preemption)

24.     Any and all claims in the Complaint based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff has waived any recovery for alleged physical or emotional injury or distress, to the extent that Plaintiff has failed to pursue and exhaust his remedies, if any, under the California Workers' Compensation Act. Cal. Lab. Code §§ 3600, *et seq*.

/ / /

HB: 4855-8147-4452.1

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent)

25.     The Complaint is barred, in whole or in part, because Plaintiff consented to any and all actions allegedly taken by Defendant.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Privilege)

26.     The Complaint is barred, in whole or in part, because Defendant's conduct, if any, was privileged, performed in the exercise of an absolute right, proper and/or justified.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Improper Conduct by Defendant)

27.     The Complaint is barred, in whole or in part, because if any alleged improper conduct occurred, which Defendant denies, Defendant is not liable because (a) any persons allegedly engaging in any such conduct was not acting as an employee or agent of Defendant, (b) such conduct was outside the scope, course and/or authority of any employee or agent, (c) Defendant was not negligent or reckless with respect to any such conduct, and/or (d) such conduct was expressly contrary to and in disregard of Defendant's interests, rules, policies and/or procedures.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Tangible Adverse Employment Action)

28.     The Complaint is barred, in whole or in part, because Plaintiff did not suffer any tangible adverse employment action.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (*Bona Fide* Occupational Qualification)

29.     The Complaint, and each purported cause of action, is barred because all personnel decisions taken with respect to Plaintiff were based on *bona fide* occupational qualifications.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Internal Remedies)

30.     The Complaint, and each purported cause of action, is barred because Defendant (1) took no tangible adverse employment action; (2) exercised reasonable care to prevent and promptly

7

correct any harassing behavior; and (3) Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid harm (*see Faragher v. City of Boca Raton,* 524 U.S. 775, 807-08 (1998)).

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Alternative Causes of Alleged Damages)

31.     Plaintiff's claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by intervening and superseding events and/or actions of persons and/or entities other than Defendant.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Alternative and/or Concurrent Causes of Emotional Distresses)

32.     To the extent that Plaintiff suffered any symptoms of mental or emotional distress or injury, it was the result of a pre-existing psychological disorder and/or alternative concurrent cause(s), and not the result of any act or omission by Defendant.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Plaintiff's Own Conduct)

33.     Plaintiff's claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by Plaintiff's own conduct.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Alleged Damages Uncertain)

34.     Plaintiff's claims for damages are barred, in whole or in part, because the alleged damages are not clearly ascertainable in their nature or origin.

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (No Entitlement to Punitive, Special or Compensatory Damages)

35.     The Complaint fails to state facts sufficient to support a claim for punitive, special, or compensatory damages.

## THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Joint and Several Liability)

36.     To the extent that Defendant is found liable to Plaintiff for any damages, the amount

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

8

HB: 4855-8147-4452.1

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

of recovery of any economic and non-economic damages against Defendant shall be calculated in accordance with the principles of California Civil Code §§ 1430, *et seq*., and shall be no greater than the amount of damages in direct proportion to the fault of each defendant, if any, relevant to the fault of other persons, firms, corporations, entities or organizations, including Plaintiff.

## THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Health and Safety Risk)

37.     Plaintiff's claims are barred, in whole or in part, because there was no reasonable accommodation that would have allowed Plaintiff to perform his job duties without endangering the health and safety of himself or others.

## THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Undue Hardship)

38.     Plaintiff's Complaint and each purported cause of action alleged therein are barred because there were no accommodations that would have allowed Plaintiff to perform the essential elements of his position without causing undue hardship to Defendant.

## THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Accommodation)

39.     Plaintiff's Complaint and each purported cause of action alleged therein are barred because Defendant engaged in the interactive process required by the California Fair Employment and Housing Act (the "FEHA") and provided or attempted to provide Plaintiff a reasonable accommodation, and Plaintiff failed to engage in the interactive process to determine whether Defendant could provide Plaintiff a reasonable accommodation.

## FORTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Business Necessity)

40.     Insofar as any of Defendant's challenged policies (e.g., hiring, compensation, discipline, termination), or any other employment policy or procedure utilized by Defendant, has had a statistically adverse impact on Plaintiff, such policies or practices nevertheless are lawful because they are job-related and consistent with business necessity.

/ / /

ANSWER BY DEFENDANT HERTZ LOCAL EDITION CORP.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

HB: 4855-8147-4452.1

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

## FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (At-Will Employment)

41.    Defendant employed Plaintiff on an at-will basis and, therefore, could terminate his employment at any time with or without notice and with or without cause.

## FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Alleged Acts Outside Scope of Employment)

42.    If any improper, illegal, or discriminatory acts were taken against Plaintiff, such acts were independent, intervening, and unforeseeable acts, occurred outside the course and scope of that employee's employment and/or that agent's agency, were contrary to Defendant's policies, and were not condoned, ratified, confirmed, approved or acquiesced in by Defendant.

## FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith Compliance with Applicable Laws)

43.    At all times relevant to this action, the employment decisions at issue were made by Defendant for legitimate non-discriminatory and non-retaliatory business reasons and were undertaken in good faith and in compliance with all applicable laws.  Alternatively, Defendant would have made the same personnel decisions despite any proven discriminatory or retaliatory motive.

## RESERVATION OF RIGHTS

44.    Because Defendant has yet to avail itself of discovery, Defendant hereby notifies Plaintiff that until it can avail itself of discovery, it cannot determine whether it will assert the above-stated affirmative defenses at trial or whether those will be the only such defenses asserted. Defendant asserts such defenses to preserve Defendant's right to assert such defenses and to avoid waiver of any such defenses.  Defendant expressly reserves the right to plead any additional affirmative defenses as may become appropriate and/or necessary based on further investigation and discovery.

WHEREFORE, Defendant prays that:

1.    Plaintiff take nothing by his Complaint;

/ / /

10

2.     Plaintiff is denied each and every demand and prayer for relief contained in his Complaint;

3.     Plaintiff's Complaint be dismissed in its entirety with prejudice;

4.     Judgment be entered in favor of Defendant and against Plaintiff;

5.     For costs of suit herein, including reasonable attorney's fees pursuant to California Government Code section 12965, subdivision (b); and

6.     For such other and further relief as the Court may deem just and proper.

Dated:  December 6, 2023                    Respectfully submitted,

HUSCH BLACKWELL LLP


By:*/s/ Zain Zubair*
    Andrew J. Weissler
    Zain Zubair
    Attorneys for Defendant
    HERTZ LOCAL EDITION CORP.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

11

HB: 4855-8147-4452.1

**PROOF OF SERVICE**

*Taylor v Defendant Hertz Local Edition Corp.*
*Riverside County Superior Court Case No. CVRI2305817*

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 355 South Grand Ave., Suite 2850, Los Angeles, CA 90071. On December 6, 2023, I served a copy of the within document(s):

**ANSWER BY DEFENDANT HERTZ LOCAL EDITION CORP. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

as follows:

☒ by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below. by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☐ by sealing the document(s) listed above in an envelope and causing them to be personally delivered *via* courier to the person(s) at the address(es) set forth below.

☐ by electronically serving the document(s) listed above *via* File&ServeXpress on the recipient(s) designated on the Transaction Receipt located on the File&ServeXpress website.

☐ by sealing the document(s) listed above in a FEDEX envelope/box and placing it for collection, which would, in the ordinary course of business, be deposited with FEDEX for delivery to the person(s) at the address(es) set forth below.

☒ by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| Russell Gomm, Esq.<br>Gomm Law<br>510 N. Darwood Ave.<br>San Dimas, CA 91773<br>Tel.: (213) 254.5759<br>russell@gomm.law | Attorney for Plaintiff<br>*Laron Taylor* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 6, 2023, at Los Angeles, California.

*/s/ Eleni Medenas*
ELENI MEDENAS

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

PROOF OF SERVICE

HB: 4855-8147-4452.1

*Taylor v Hertz Local Edition Corp., et al.*
United States District Court, Central District:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 355 South Grand, Suite 2850, Los Angeles, CA 90071. On December 6, 2023, I served a copy of the within document(s):

➢ **DEFENDANT HERTZ LOCAL EDITION CORP.'S NOTICE OF REMOVAL**

as follows:

☐ by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☐ by sealing the document(s) listed above in an envelope and causing them to be personally delivered via courier to the person(s) at the address(es) set forth below.

☐ by electronically serving the document(s) listed above via File&ServeXpress on the recipient(s) designated on the Transaction Receipt located on the File&ServeXpress website.

☐ by sealing the document(s) listed above in a FedEx envelope/box and placing it for collection, which would, in the ordinary course of business, be deposited with FedEx for delivery to the person(s) at the address(es) set forth below.

☒ by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| Russell Gomm, Esq.<br>Gomm Law<br>510 N. Darwood Ave.<br>San Dimas, CA  91773<br>Tel.:    (213) 254.5759<br>Fax: | Attorneys for Plaintiff<br>*Laron Taylor*<br><br>Email:  russell@gomm.law |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 6, 2023, at Los Angeles, California.

/s/Eleni Medenas
ELENI MEDENAS

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

HB: 4880-4091-4324.1